FILED & JUDGMENT ENTERED
Steven T. Salata

February  26  2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

In re

BESTWALL LLC,[1]

          Debtor.

Chapter 11

Case No. 17-31795 (LTB)

## ORDER DENYING WILSON BUCKINGHAM AND ANGELIKA WEISS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

This matter coming before the Court on *Wilson Buckingham and Angelika Weiss' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Dkt. 3242] (the "Motion")[2]; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); the Court having reviewed and considered

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

[2]     Capitalized terms used but not otherwise defined herein have the respective meanings given to such terms in the Motion.

NAI-1539094180

the Motion, the movants' reply in support of the Motion [Dkt. 3253], the statements in support of

the Motion filed by the Official Committee of Asbestos Claimants [Dkt. 3254] and MRHFM's

Plaintiffs [Dkt. 3256], and the objection to the Motion filed by Bestwall LLC, the debtor and debtor

in possession in the above-captioned chapter 11 case [Dkt. 3252]; and the Court having heard and

considered the arguments of counsel at a hearing before the Court on January 18, 2024

(the "Hearing");

<strong>IT IS HEREBY ORDERED THAT</strong>:

1.      The Motion is DENIED for the reasons set forth on the record of the

Hearing (which reasons are incorporated herein).

2.      The *Agreed Order with Respect to the Preservation of Certain Pain and

Suffering Claims* [Dkt. 3289] (the "Agreed Order"), which is attached hereto as Exhibit A, shall

apply to Mr. Buckingham to the extent any pain and suffering claim he has asserted or may assert

satisfies the criteria in the Agreed Order.

3.      This Court shall retain exclusive jurisdiction over any and all matters arising

from or related to the implementation, interpretation, or enforcement of this Order.

This Order has been signed electronically.                      United States Bankruptcy Court
The Judge's signature and Court's seal appear
at the top of the Order.

NAI-1539094180

**EXHIBIT A**

NAI-1539094180

FILED & JUDGMENT ENTERED
Steven T. Salata

February 23 2024

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| BESTWALL LLC,[1] | Case No. 17-31795 (LTB) |
| Debtor. | |

## AGREED ORDER WITH RESPECT TO
## PRESERVATION OF CERTAIN PAIN AND SUFFERING CLAIMS

Bestwall LLC, the debtor and debtor in possession (the "Debtor" or "Bestwall") in the above-captioned chapter 11 case (the "Chapter 11 Case"), the Official Committee of Asbestos Claimants (the "ACC"), and Sander L. Esserman, in his capacity as the legal representative for future asbestos claimants (the "FCR" and, collectively with the Debtor and the ACC, the "Parties"), by and through their undersigned counsel, hereby agree, and the Court hereby finds and concludes, as follows:

### RECITALS

A.     The Debtor filed the Chapter 11 Case on November 2, 2017 (the "Petition Date").

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5815.  The Debtor's address is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

-1-

B.      On January 18, 2024, at an omnibus hearing in the Chapter 11 Case (the "Hearing"), the Court heard argument on *Wilson Buckingham and Angelika Weiss' Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* [Dkt. 3242].

C.      During the Hearing, the Debtor stipulated on the record regarding the preservation of certain claims for pain and suffering that have been or may be asserted by Mr. Buckingham or other similarly situated claimants (the "Stipulation").  *See* Jan. 18, 2024 Hr'g Tr. at 31:22-32:4.  The intent of such Stipulation was to prevent any prejudice to claimants who file lawsuits while alive asserting a claim for pain and suffering and who pass away during the pendency of the Chapter 11 Case while the automatic stay and/or Preliminary Injunction remain in effect.[2]

D.      At the request of the ACC and the FCR, the Debtor has agreed to document the Stipulation through the terms of this Agreed Order.

E.      This Agreed Order supersedes and replaces in its entirety the Stipulation, and constitutes the Parties' entire agreement with respect to the preservation of pain and suffering claims.

**NOW THEREFORE, THE PARTIES AGREE, AND IT IS HEREBY ORDERED THAT:**

1.      Any asbestos personal injury claimant who (a) was alive on the Petition Date, (b) dies during the pendency of the Chapter 11 Case at a time the automatic stay and/or Preliminary Injunction remain in effect, and (c) under the applicable state law governing such claimant's claim, would lose the right to pursue a claim for pain and suffering because of their death, shall not lose their right to pursue a claim for pain and suffering against Bestwall if either of the following criteria are met:  (i) the claimant filed an asbestos-related personal injury lawsuit against Old GP (as defined in the PI Order) or Bestwall before the Petition Date asserting a claim for pain and suffering, which lawsuit remained pending on the Petition Date; or (ii) the claimant while still alive retained counsel to pursue and, unless the only party that could be pursued was Bestwall, took any step to pursue an asbestos-related personal injury claim for pain

---

[2]      "Preliminary Injunction" as used herein shall mean the preliminary injunction imposed by the *Memorandum Opinion and Order Granting the Debtor's Request for Preliminary Injunctive Relief* [Adv. Pro. No. 17-03105, Dkt. 164] (the "PI Order").

-2-

and suffering against any party.  For the avoidance of doubt, under no circumstances shall a pain and suffering claim that was no longer available or becomes unavailable for reasons other than the impact of the automatic stay and/or Preliminary Injunction be revived by this Agreed Order.

2.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, enforcement, or interpretation of this Agreed Order.

Dated:  February 22, 2024
          Charlotte, North Carolina

**AGREED AND CONSENTED TO BY:**

*/s/ Garland S. Cassada*
Garland S. Cassada (NC Bar No. 12352)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina  28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail:  gcassada@robinsonbradshaw.com

-and-

Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas  75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail: gmgordon@jonesday.com
(admitted *pro hac vice*)

-and-

Jeffrey B. Ellman (GA Bar No. 141828)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30361
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
E-mail: jbellman@jonesday.com
(admitted *pro hac vice*)

COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION

*/s/ Glenn C. Thompson*
Glenn C. Thompson (NC Bar No. 37221)
HAMILTON STEPHENS STEELE + MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, North Carolina  28202
Telephone: (704) 227-1067
Facsimile: (704) 344-1483
E-mail: gthompson@lawhssm.com

-and-

Natalie D. Ramsey (DE Bar No. 5378)
ROBINSON & COLE LLP
1000 North West Street, Suite 1200
Wilmington, Delaware  19801
Telephone: (302) 295-4800

E-mail: nramsey@rc.com
(admitted *pro hac vice*)

COUNSEL TO THE OFFICIAL COMMITTEE OF
ASBESTOS CLAIMANTS

*/s/ Felton E. Parrish*
Felton E. Parrish (NC Bar No. 25448)
YOUNG CONWAY STARGATT &
TAYLOR LLP
101 South Tryon Street, Suite 2700
Charlotte, North Carolina  28280
Telephone:  (980) 431-4644
Email: fparrish@ycst.com

-and-

Edwin J. Harron (Delaware Bar No. 3396)
Sharon M. Zieg (NC Bar No. 29536)
YOUNG CONAWAY STARGATT &

-3-

TAYLOR, LLP
1000 North King Street
Wilmington, Delaware  19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email:   eharron@ycst.com
         szieg@ycst.com

COUNSEL TO THE FUTURE CLAIMANTS'
REPRESENTATIVE

This Order has been signed electronically.                    United States Bankruptcy Court
The Judge's signature and Court's seal                       Western District of North Carolina
appear at the top of the Order.

-4-